## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE APPLICATION OF DAILANE
INVESTMENTS LIMITED AND
MICHAEL MAILLIS FOR JUDICIAL
ASSISTANCE PURSUANT TO
28 U.S.C. § 1782

**Case No.**  22-mc-23619-RKA

### DECLARATION OF RICHARD LEDAIN SANTIAGO IN SUPPORT OF
### APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

I, Richard Ledain Santiago, declare pursuant to 28 U.S.C. § 1746 as follows:

1.  I am a licensed attorney (*avocat à la Cour*) in the Grand Duchy of Luxembourg,

    registered on List I of the Luxembourg Bar, and a partner in Addleshaw Goddard LLP's

    Luxembourg office.  I represent Mr. Michael Maillis and Dailane Investments Limited

    ("Dailane") in connection with claims arising out of breaches of fiduciary duty by H.I.G.

    Luxembourg Holdings 47 S.à r.l. ("HIG47"), Wolfgang Biedermann, Christian Kraul-von

    Renner and Maillis International S.A. ("Maillis Group").

2.  My clients intend to file a lawsuit in the Grand Duchy of Luxembourg against HIG47 for

    breach of the Amended and Restated Fiduciary Agreement, originally dated April 11,

    2016, before the Commercial Chambers of the *Tribunal d'Arrondissement* of

    Luxembourg.  They will also pursue claims for breach of fiduciary duty against Mssrs.

    Wolfgang Biedermann and Christian Kraul-von Renner, each of whom is on the Board of

    Maillis Group while also holding executive positions in HIG Europe, in the same court.

    Dailane intends to file a claim against Maillis International S.A. itself for "loss of

    chance," a cause of action under Luxembourg law that allows a third party to file suit for

financial prejudice arising from a director's breach of duty to a corporation and its shareholders.

3.  The Amended and Restated Fiduciary Agreement requires any disputes between the parties to that agreement—there, Dailane Ltd. and HIG47—to adjudicate their disputes in the courts of the Grand Duchy of Luxembourg.  The lawsuit contemplated by Mr. Maillis and Dailane Investments Limited will therefore be filed in the Grand Duchy of Luxembourg in the Commercial Chambers of the *Tribunal d'Arrondissement* of Luxembourg.

4.  Luxembourg law allows for the imposition of civil liability for breach of contract, and this suit would comprise a valid cause of action.

5.  Luxembourg law allows for the imposition of civil liability on directors by third parties for damages arising out of a director's infringement of the Companies Act (Article 441-9) or for commission of torts as specified in Articles 1382 or 1383 of the Luxembourg Civil Code.

6.  Luxembourgian law permits extraterritorial fact-finding prior to (or during) a lawsuit and Luxembourg's courts regularly admit evidence and testimony from other jurisdictions— including the type sought in this action.  Luxembourg's Code of Civil Procedure, at Article 58, imposes the burden of proof on the party initiating the legal action to produce evidence in support of their claims and defenses in commercial disputes such as this one. It is customary to present all evidence when filing the complaint, which is why the Petitioners are seeking discovery before filing.

7.  A party may obtain and introduce business records, including emails pertaining to confidential corporate matters.  This information is not protected by legal privilege.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this  2nd  day of November 2022.

_____
Richard Ledain Santiago