UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MC-23619-ALTMAN/REID

IN RE APPLICATION OF DAILANE
INVESTMENTS LIMITED AND MICHAEL MAILLIS
FOR JUDICIAL ASSISTANCE PURSUANT TO
28 U.S.C. § 1782
_____/

**ORDER GRANTING APPLICATION FOR
<u>JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782</u>**

This matter is before the Court on Dailane Investments Limited and Michael Maillis's application for an order granting them leave to issue subpoenas pursuant to 28 U.S.C. § 1782. [ECF No. 1, 12]. Petitioners seek discovery from three nonparty witnesses who reside or can be found in the Southern District of Florida: (1) H.I.G. Capital LLC; (2) Sami Mnaymneh, the CEO of H.I.G. Capital LLC; and (3) Anthony Tamer, the Title Manager of H.I.G. Capital LLC ("Respondents"). [ECF No. 1]. The requested discovery is for use in an anticipated proceeding before a foreign tribunal in Luxembourg. Petitioners served H.I.G. Capital LLC with copies of the Application and supporting documents on November 7, 2022. [ECF No. 10]. H.I.G. Capital LLC has since filed no objection. After review of the Application and supporting documents, the Court **GRANTS** Petitioners' Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782. [ECF No. 1].

**BACKGROUND**

This matter involves capital restructuring and multiple private equity entities. According to the Application, the anticipated litigation will focus on the sale of companies within the Maillis Group, a packaging conglomerate founded by Petitioner Michael Maillis. Mr. Maillis and Dailane Investments—a minority shareholder in one of the relevant entities—allege that H.I.G.

1

Luxembourg Holdings 47 S.à r.l. ("HIG47") abandoned its fiduciary duties to them by selling the remainder of the Maillis Group's corporate assets to an affiliated fund at well below value. [ECF No. 4 at 2]. HIG47, a Luxembourg entity, is owned and controlled by respondent H.I.G. Capital LLC, which is headquartered in Miami, Florida. Petitioners assert that H.I.G. Capital LLC, as the ultimate parent corporation of HIG47 and other related entities, controls relevant documents and communications regarding the sale of Maillis Group assets. [ECF No. 4 at 2].

In support of their Application, Petitioners filed declarations by their attorneys: Paul Ferguson, Richard Ledain Santiago, and Tara J. Plochochki. [ECF No. 5, 6, 7]. Mr. Santiago, a Luxembourg-licensed attorney and partner in Addleshaw Goddard LLP's Luxembourg office attested Petitioners intend to sue HIG47 in the Grand Duchy of Luxembourg. He further declared that claims arising out of the underlying fiduciary agreement are subject to the exclusive jurisdiction of Luxembourg's courts. [ECF No. 6 at 1]. Mr. Ferguson, a solicitor and principal of Addleshaw Goddard LLP, declared that his firm notified the Luxembourg entity—HIG47—of Petitioners' potential claims. [ECF No. 5 ¶ 19]. Ms. Plochochki, in turn, averred that respondent H.I.G. Capital LLC is headquartered in this District as shown by records maintained by the Division of Corporations of the State of Florida. [ECF No. 7 ¶ 3]. Those same records, Ms. Plochochki attests—identify Anthony Tamer as its manager. [ECF No. 7 ¶ 3]. And an H.I.G. website indicates Sami Mnaymneh is the company's founder and CEO and is in Miami, Florida. [ECF No. 7 ¶ 2].

Attached to Ms. Plochochki's declaration are drafts of the proposed subpoenas directed to H.I.G. Capital, Sami Mnaymneh, and Anthony Tamer. [ECF No. 7-3, 7-5, 7-6]. The proposed subpoenas generally seek testimony and documents related to decisions made by the HIG Investment Committee, internal HIG communications pertaining to valuation of certain HIG

assets, communications with potential buyers concerning the auction of Maillis Group assets, and other similar information. [ECF No. 7, 4]. Though H.I.G. Capital LLC is not a party to the Luxembourg dispute, Petitioners contend H.I.G. Capital LLC controls the relevant evidence. Further, Petitioners assert their application meets the statutory requirements for judicial assistance under 28 U.S.C. § 1782(a).

## DISCUSSION

### I.  The Law

Under 28 U.S.C. § 1782(a) a court has the power to grant an application for judicial assistance when the following statutory factors have been met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (footnote omitted) (quoting 28 U.S.C. § 1782(a)). When these elements are met, Section 1782 "authorizes, but does not require a federal district court to provide assistance." *Id.* at 1332 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004)). Ultimately, "[w]hether, and to what extent, to honor a request for assistance pursuant to § 1782 has been committed by Congress to the sound discretion of the district court." *United Kingdom v. United States*, 238 F.3d 1312, 1318–19 (11th Cir. 2001).

In addition to the statutory factors listed above, the Supreme Court provided additional factors courts must consider in determining whether to grant an application brought under Section 1782. *Intel*, 542 U.S. at 264–65. The Eleventh Circuit has summarized the *Intel* factors as follows:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when the evidence is sought from a nonparticipant"; (2)

3

> "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." The Supreme Court in *Intel* added that "unduly intrusive or burdensome requests may be rejected or trimmed."

*In re Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264–65). Once a court determines that a *prima facie* case has been established and the pertinent *Intel* factors are satisfied, the "court is therefore authorized to grant the application, [and] 'the federal discovery rules, Fed. R. Civ. P. 26–36, contain the relevant practices and procedures for the taking of testimony and the production of documents." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1272 (11th Cir. 2014) (quoting *Weber v. Finker*, 554 F.3d 1379, 1384–85 (11th Cir. 2009)).

## II. Petitioners Satisfied Both the Statutory and *Intel* Factors

Petitioners have satisfied the requirements for this Court to grant their Section 1782 Application. They established the *prima facie* elements under the statute, and the discretionary *Intel* factors weigh in favor of granting the Application. First, Petitioners are "interested persons" for purposes of Section 1782. The statutory term "interested persons" encompasses parties and *contemplated parties* to a foreign litigation. *See* 28 U.S.C. § 1782; *Intel*, 542 U.S. at 256 (explaining statutory text "interested person" plainly reaches beyond the universe of persons designated "litigant"). The declarations filed in support of the application show that Petitioners intend to sue Respondent's Luxembourg affiliate and that notice was given to the affiliate of the potential claims. As a litigant or potential litigant, Petitioners meet the "interested person" requirement.

4

Second, the application seeks "testimony or statement" of a person or the production of "a document or other thing." Specifically, Petitioners intend to obtain documents from H.I.G. Capital LLC and testimony from two H.I.G. Capital LLC executives involved in the underlying transactions. The draft subpoenas specifically outline the documents and evidence sought by Petitioners from each nonparty witness.

Third, Petitioners' contemplated lawsuit satisfies the requirement of being for use in a proceeding before a foreign tribunal. The statute's requirement of obtaining evidence "for use" in a foreign proceeding "does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *Intel*, 542 U.S. at 258. And as counsel noted in his declaration, Petitioners' claims arising out of the Fiduciary Agreement are subject to the exclusive jurisdiction of the courts of Luxembourg.

Fourth, the person from whom discovery is sought resides or is found in the district of the district court ruling on the application for assistance. H.I.G. Capital LLC maintains its principal office in Miami, Florida, and Messrs. Mnaymneh and Tamer can be found in that office as well. In sum, Petitioners have established the *prima facie* elements under section 1782.

The *Intel* factors also weigh in favor of granting the Application. First, although H.I.G. Capital is not a party to the Fiduciary Agreement—and will not be a party to the dispute in Luxembourg— it likely has control over the relevant evidence because of its affiliation to HIG47. Thus, the need for § 1782(a) aid is apparent. Second, Plaintiffs' foreign counsel declared Luxembourgian courts permit extraterritorial fact-finding prior to or during a lawsuit and would thus be receptive of this Court's assistance. [ECF No. 5]. The Eleventh Circuit has affirmed the grant of a petition in similar circumstances. *See Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017) (holding shareholders produced reliable indications that

proceedings would be instituted in Luxembourg within reasonable time). Third, there is no indication that the Application circumvents Luxembourg's laws. Counsel has declared the information is not protected by legal privilege, and although some information might be confidential, Dailane Investments is a minority shareholder and Mr. Maillis is a member of the Maillis Group Board of Directors. [ECF No. 5 ¶ 7]. Lastly, having reviewed the proposed subpoenas, the Court finds they are neither unduly intrusive nor overly burdensome. *See generally* [ECF No. 7]. For these reasons, the Court exercises its discretion in favor of granting the application.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Application [ECF No. 1] is **GRANTED**.

2. Dailane Investments Limited and Michael Maillis are authorized to issue and serve the subpoenas on H.I.G. Capital LLC and its officers, Sami Mnaymneh and Anthony Tamer. Petitioners are also authorized to serve additional follow-up subpoenas as may be necessary to obtain the testimonial or documentary evidence described in the Application.

3. H.I.G. Capital LLC, Sami Mnaymneh, and Anthony Tamer are ordered to preserve all relevant and potentially relevant evidence in their possession, custody, or control until further Order from this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of March 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **All Counsel of Record**